UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE ANAHEL HERNANDEZ LINAREZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

Case No. 1:26-cv-07944-CDB (HC)

A-Number: 235-593-043

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Doc. 1)

Petitioner Jose Anahel Hernandez Linarez ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on September 29, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the California City Immigration Processing Center. (Doc. 1).

In his petition, Petitioner alleges that he is a native and citizen of Honduras, has no criminal convictions, and "has a pending asylum matter and remains in ongoing immigration proceedings." *Id.* at 1 ¶¶ 1-4. Petitioner makes no allegations about when he entered the United States. *See id.*; *cf.* (Doc. 7 at 6) (September 2, 2026, Form I-213 Record of Deportable/Inadmissible Alien) ("subject entered at an Unknown time through and Unknown place."). However, in the Notice to Appear placing Petitioner in removal proceedings and served upon him on April 15, 2025, the government represented that Petitioner entered the United States at or near Laredo, Texas, on or

about March 1, 2009. (Doc. 7 at 8). Petitioner was arrested by immigration authorities on September 2, 2026, as an alien present without inspection or any lawful immigration status and has remained in continuous custody. (Doc. 7 at 4). The government concedes that Petitioner has no criminal history and "no [criminal] wants or warrants[.]" *Id.* at 6.

Respondents filed a response to the petition in which they argue that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the outcome of his ongoing removal proceedings but acknowledge that the Ninth Circuit has rejected this interpretation of the Immigration and Nationality Act. (Doc. 7 at 1) (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)). Respondents also proffer documents that corroborate Petitioner has been present in the United States of America at least as early as March 1, 2009, following his arrival through Laredo, Texas. *See* (Doc. 7 at 8). There is no indication in the record whether Petitioner was previously encountered and released by immigration authorities when he was first detained and the parties do not address whether Petitioner has received or was denied a custody redetermination following his detention in immigration custody.

Respondents correctly concede that Petitioner is entitled to a bond hearing under *Rodriguez Vazquez*. (Doc. 7 at 1). Accordingly, the Court will grant Petitioner's petition for writ of habeas corpus and order Respondents to provide Petitioner with a bond hearing.

**<u>Conclusion and Order</u>**

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is GRANTED.
2. Respondents are ORDERED to provide Petitioner Jose Anahel Hernandez Linarez (A Number: A-235-593-043) with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of this order, at which Petitioner's eligibility for bond must be considered by a neutral decisionmaker such that continuing physical custody is legally justified.
3. Respondents are ORDERED to immediately provide Petitioner with a copy of this Order and provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing,

and Respondents may extend the deadline at Petitioner's request so that he can obtain an attorney. If Petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider Petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.

4. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Respondents are ORDERED to release Petitioner from custody immediately and forbear from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven (7) days in advance and holds a bond hearing consistent with this order.

5. Respondents SHALL provide a copy of this order to the immigration judge. In addition, Respondents SHALL ensure that the bond hearing is recorded.

6. The Clerk of Court is directed to serve the California City Immigration Processing Center in California City, California, with a copy of this Order.

7. The Clerk of the Court is DIRECTED to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

UNITED STATES MAGISTRATE JUDGE